Filed 4/11/16  P. v. Conriquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JIMMY CONRIQUEZ, JR.,<br><br>    Defendant and Appellant. | F070408<br><br>(Super. Ct. No. SF013296A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

James Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Gomes, Acting P.J., Poochigian, J. and Smith, J.

Jimmy Conriquez, Jr. petitioned the trial court to be resentenced pursuant to the Three Strikes Reform Act of 2012 (the Act). The trial court denied the petition finding Conriquez was ineligible under Penal Code section 1170.126.[1] Conriquez argues the trial court's conclusion is not supported by substantial evidence. We affirm the order denying the petition.

PROCEDURAL SUMMARY

Conriquez filed a petition asserting he was eligible for resentencing pursuant to the provisions of section 1170.126. In his petition Conriquez asserts he was convicted in 2007 of a violation of section 4502, subdivision (a) (hereafter section 4502(a)), possession by an inmate of a dirk, dagger or sharp instrument while incarcerated. He was sentenced to a third strike sentence of 25 years to life. The district attorney opposed the petition. The trial court found Conriquez was ineligible for resentencing because the conviction for which he was seeking to be resentenced involved the use of a deadly weapon.

DISCUSSION

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third strike sentence, and

(1) not serving a sentence for a crime that is listed as a serious or violent felony (§§ 667.5, subd. (c) and 1192.7, subd. (c));

(2) not serving a sentence for a crime that is listed in section 667, subdivision (e)(2)(C), clauses (i) through (iii), or section 1170.12, subdivision (c)(2)(C), clauses (i) through (iii); and

(3) not having a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C), clause (iv), or section 1170.12, subdivision (c)(2)(C), clause (iv). (§ 1170.126, subd. (e).)

---

[1] Subsequent statutory references are to the Penal Code.

The trial court concluded Conriquez was ineligible for resentencing because he was serving a sentence for a crime included in section 667, subdivision (e)(2)(C)(iii), which reads "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

The parties agree the trial court concluded Conriquez was armed with a deadly weapon when he was arrested for violating section 4502(a). Conriquez's primary assertion is that a violation of section 4502(a) does not automatically disqualify him from resentencing pursuant to the Act. The basis of this argument is that any number of weapons could be found to violate section 4502(a), while to disqualify him from resentencing the weapon must be a deadly weapon.

For the purpose of this appeal we will assume that a conviction for violating section 4502(a) does not *automatically* disqualify an inmate from resentencing pursuant to section 1170.126. However, the converse of this statement is also true; an inmate who is serving a third strike sentence for violating section 4502(a) is not *automatically* eligible for resentencing pursuant to section 1170.126.

Instead, the question in this case, and all such cases, is whether the record contains substantial evidence that the actual item found in Conriquez's possession and which formed the basis for his conviction was a deadly weapon within the meaning of section 667, subdivision (e)(2)(C)(iii). The record leaves no doubt the answer in this case is yes.

Section 667, subdivision (e)(2)(C)(iii) does not define the term deadly weapon, therefore we accord to the phrase the definition that has evolved through case law. Under this definition, a deadly weapon is either an instrument designed to cause death or great bodily injury (such as a firearm), or an instrument used in such a fashion as to be capable of causing death or great bodily injury. (*People v. Brookins* (1989) 215 Cal.App.3d 1297, 1307; see *People v. Pruett* (1997) 57 Cal.App.4th 77, 81-86.)

3.

Conriquez sets forth the relevant evidence in his brief. There are two photocopies of pictures of the weapon in the record. Neither is of good quality, but they are adequate to permit the following conclusions. The item was approximately 3½ inches long, was sharpened to a point at one end, and has some type of material on the unsharpened end to form a handle. The blade is slightly more than ½ inch wide at its widest point. It resembles a small knife in all material respects.

In addition to the pictures of the item, the record contains the preliminary hearing transcript for the conviction. The prison guard who discovered the item testified that Conriquez passed through a metal detector in preparation for being transported. The metal detector indicated Conriquez had something metal in his waist area. Conriquez was transported to a holding cell and admitted "he had a knife in his rectum." The guard retrieved the item from Conriquez, and then described the item as the "shape of a knife or blade and it looks, appeared to be brass stock with like an orange-reddish colored tape on one end."

This evidence is not only sufficient to support the trial court's conclusion; it compelled denial of Conriquez's petition. The item recovered was a 3½ long metal blade shaped like a knife and sharpened to a point at one end. There is no doubt this item could be used to injure or kill another individual, whether another inmate or a prison guard. The only logical conclusion that can be drawn from these facts was that Conriquez had in his possession a deadly weapon.

## DISPOSITION

The order denying Conriquez's petition is affirmed.